Matthew C. Bernstein, Bar No. 199240
MBernstein@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067
Telephone: 310.788.9900
SACsimile: 310.788.3399

Patrick J. McKeever, Bar No. 268763
PMcKeever@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130-2594
Telephone: 858.720.5700
SACsimile: 858.720.5799

Martin E Gilmore (*Pro Hac Vice*)
MGilmore@perkinscoie.com
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
Telephone: 212.262.6900
SACsimile: 212.737.5461

Attorneys for Defendant
ROKU, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(SOUTHERN DIVISION - SANTA ANA)

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROKU, INC.,<br><br>　　　　Defendant. | **LEAD CONSOLIDATED CASE: NO. SACV18-02055-GW (DFMx)**<br><br>NO. SACV19-00295-GW (DFMx)<br><br>**ROKU, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Honorable George H. Wu |

ROKU'S ANSWER TO SAC

Defendant Roku, Inc. ("Defendant" or "Roku"), by and through its undersigned counsel, hereby responds below to the Second Amended Complaint ("SAC") of Uniloc 2017 LLC ("Plaintiff" or "Uniloc") in this action. Roku denies all allegations of the Second Amended Complaint that are not expressly admitted herein. Each paragraph of this Answer corresponds to the same-numbered paragraph in the Second Amended Complaint.

## NATURE OF THE ACTION

1. Roku admits Uniloc alleges infringement of U.S. Patent Nos. 6,519,005 (the "'005 patent") and 8,407,609 (the "'609 patent") (collectively, "the Asserted Patents") in the SAC. Roku admits copies of the '005 and '609 patents are attached to the SAC, but Roku lacks sufficient knowledge and/or information to form a belief as to whether the copies were complete and accurate copies. Roku further denies that infringement of the '005 patent is at issue in this case given the Court's finding of invalidity of that patent, and Uniloc not serving any infringement contentions on that patent.

2. Roku admits Uniloc alleges infringement of the Asserted Patents by Roku and seeks damages and other relief. Roku denies it has infringed any of the Asserted Patents and denies that Uniloc is entitled to any damages or other relief. Roku denies the remaining allegations of paragraph 2 of the SAC.

## THE PARTIES

3. Roku lacks sufficient knowledge and/or information to form a belief as to the truth of the allegation in paragraph 3, and to that extent denies the same.

4. Roku lacks sufficient knowledge and/or information to form a belief as to the truth of the allegation in paragraph 4, and to that extent denies the same.

5. Roku admits that it is a Delaware corporation with a place of business at 2450 Colorado Avenue, Suite 260E, Santa Monica, California 90404. Roku admits that its agent for service of process is CSC-Lawyers Incorporating Service.

**JURISDICTION AND VENUE**

6. Roku admits that the SAC purports to initiate an action for patent infringement arising under the patent laws of the United States, contained in Title 35 of the United States Code. Roku admits that this Court has jurisdiction under 28 U.S.C §§ 1331 and 1338 over claims for patent infringement. Roku denies it has committed any act that would give rise to any cause of action in the SAC.

7. Roku admits that Uniloc purports to base venue in this District under 28 U.S.C. §§ 1391(b), (c) and 1400(b). Roku admits that it has places of business in the Central District of California, however, Roku does not admit that this venue is the most convenient venue for resolution of claims asserted by Uniloc in this action. Roku denies that it has committed acts of infringement and otherwise denies the remaining allegations in paragraph 7 of the SAC.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,519,005**

8. Roku incorporates its responses in paragraphs 1 through 7 above as if fully repeated and restated herein.

9. Roku admits that the '005 patent is titled "Method of Concurrent Multiple-Mode Motion Estimation for Digital Video" and issued on February 11, 2003. Roku admits a copy of the '005 patent is attached as Exhibit A to the SAC, but Roku lacks sufficient knowledge and/or information to form a belief as to whether the copy is a complete and accurate copy. Roku lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 and therefore denies them on that basis.

10. Because the allegations in Paragraph 10 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required.

11. Because the allegations in Paragraph 11 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is

required.

12. Because the allegations in Paragraph 12 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

13. Because the allegations in Paragraph 13 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

14. Because the allegations in Paragraph 14 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

15. Because the allegations in Paragraph 15 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

16. Because the allegations in Paragraph 16 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

17. Because the allegations in Paragraph 17 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is

| | |
|---|---|
| 1 | required.  Moreover, Uniloc did not serve any infringement contentions on any |
| 2 | claim of the '005 patent, waiving any current or future claim of infringement on any |
| 3 | claims of the '005 patent. |
| 4 |    18. Because the allegations in Paragraph 18 of the SAC relate to the '005 |
| 5 | patent, the sole asserted claim of which has been found invalid, no response is |
| 6 | required.  Moreover, Uniloc did not serve any infringement contentions on any |
| 7 | claim of the '005 patent, waiving any current or future claim of infringement on any |
| 8 | claims of the '005 patent. |
| 9 |    19. Because the allegations in Paragraph 19 of the SAC relate to the '005 |
| 10 | patent, the sole asserted claim of which has been found invalid, no response is |
| 11 | required. |
| 12 |    20. Because the allegations in Paragraph 20 of the SAC relate to the '005 |
| 13 | patent, the sole asserted claim of which has been found invalid, no response is |
| 14 | required.  Moreover, Uniloc did not serve any infringement contentions on any |
| 15 | claim of the '005 patent, waiving any current or future claim of infringement on any |
| 16 | claims of the '005 patent. |
| 17 |    21. Because the allegations in Paragraph 21 of the SAC relate to the '005 |
| 18 | patent, the sole asserted claim of which has been found invalid, no response is |
| 19 | required. |
| 20 |    22. Because the allegations in Paragraph 22 of the SAC relate to the '005 |
| 21 | patent, the sole asserted claim of which has been found invalid, no response is |
| 22 | required.  Moreover, Uniloc did not serve any infringement contentions on any |
| 23 | claim of the '005 patent, waiving any current or future claim of infringement on any |
| 24 | claims of the '005 patent. |
| 25 |    23. Because the allegations in Paragraph 23 of the SAC relate to the '005 |
| 26 | patent, the sole asserted claim of which has been found invalid, no response is |
| 27 | required.  Moreover, Uniloc did not serve any infringement contentions on any |
| 28 | claim of the '005 patent, waiving any current or future claim of infringement on any |

claims of the '005 patent.

24. Because the allegations in Paragraph 24 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

25. Because the allegations in Paragraph 25 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

26. Because the allegations in Paragraph 26 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

27. Because the allegations in Paragraph 27 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

28. Because the allegations in Paragraph 28 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

29. Because the allegations in Paragraph 29 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is

required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

30. Because the allegations in Paragraph 30 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

31. Because the allegations in Paragraph 31 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

32. Because the allegations in Paragraph 32 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

33. Because the allegations in Paragraph 33 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

34. Because the allegations in Paragraph 34 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

35. Because the allegations in Paragraph 35 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

36. Because the allegations in Paragraph 36 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

37. Because the allegations in Paragraph 37 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

38. Because the allegations in Paragraph 38 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

39. Because the allegations in Paragraph 39 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

40. Because the allegations in Paragraph 40 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any

claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

41. Because the allegations in Paragraph 41 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

42. Because the allegations in Paragraph 42 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

43. Because the allegations in Paragraph 43 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

44. Because the allegations in Paragraph 44 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

45. Because the allegations in Paragraph 45 of the SAC relate to the '005 patent, the sole asserted claim of which has been found invalid, no response is required. Moreover, Uniloc did not serve any infringement contentions on any claim of the '005 patent, waiving any current or future claim of infringement on any claims of the '005 patent.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,407,609**

46. Roku incorporates its responses in paragraphs 1 through 45 above as if fully repeated and restated herein.

47. Roku admits that the '609 patent is titled "System and Method For Providing And Tracking The Provision of Audio and Visual Presentations Via a Computer Network" and issued on March 26, 2013. Roku admits a copy of the '609 patent is attached as Exhibit B to the SAC, but Roku lacks sufficient knowledge and/or information to form a belief as to whether the copy is a complete and accurate copy. Roku lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 47 and therefore denies them on that basis.

48. Roku admits that 35 U.S.C. § 282 states that a patent shall be presumed valid. Roku denies, however, that the claims of the '609 patent are actually valid.

49. Denied.

50. Admitted.

51. Roku admits that paragraph 51 contains excerpts from the '609 patent. Roku denies the remaining allegations of paragraph 51 of the SAC.

52. Roku admits that paragraph 52 contains excerpts from the '609 patent. Roku denies the remaining allegations of paragraph 52 of the SAC.

53. Roku lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and therefore denies them on that basis.

54. Denied.

55. Denied.

56. Roku admits that paragraph 56 contains excerpts from the '609 patent. Roku denies the remaining allegations of paragraph 56 of the SAC.

57. Denied.

58. Denied.

59. Roku lacks sufficient knowledge and/or information to form a belief as to the truth of the allegation in paragraph 59, and to that extent denies the same.

60. Roku admits that it operates The Roku Channel. Roku denies the remaining allegations in paragraph 60 of the SAC.

61. Denied.

62. Roku admits that it tracks client playback of videos. Roku denies the remaining allegations in paragraph 62 of the SAC.

63. Roku lacks sufficient information as to whether the screenshot in paragraph 63 allegedly taken of a Roku Channel web page was accurately captured and whether it accurately describes or characterizes the accused technology, and Roku therefore denies the allegations regarding the same. Roku denies the remaining allegations in paragraph 63 of the SAC.

64. Roku lacks sufficient information as to whether the screenshot in paragraph 64 allegedly taken from a Roku support web page was accurately captured and whether it accurately describes or characterizes the accused technology, and Roku therefore denies the allegations regarding the same. Roku denies the remaining allegations in paragraph 64 of the SAC.

65. Roku lacks sufficient information as to whether the screenshot in paragraph 65 allegedly taken of a Roku Channel web page was accurately captured and whether it accurately describes or characterizes the accused technology, and Roku therefore denies the allegations regarding the same. Roku denies the remaining allegations in paragraph 65 of the SAC.

66. Roku lacks sufficient information as to whether the screenshots in paragraph 66 allegedly taken of a Roku Channel web page were accurately captured and whether they accurately describe or characterize the accused technology, and Roku therefore denies the allegations regarding the same. Roku denies the remaining allegations in paragraph 66 of the SAC.

67. Roku lacks sufficient information as to whether the screenshot in

paragraph 67 allegedly taken of a Roku Channel web page was accurately captured and whether it accurately describes or characterizes the accused technology, and Roku therefore denies the allegations regarding the same. Roku denies the remaining allegations in paragraph 67 of the SAC.

68. Roku lacks information as to whether the screenshot in paragraph 68 allegedly of network requests associated with a Roku Channel web page as shown by Safari Developer Tools was accurately captured and whether it accurately describes or characterizes the accused technology, and Roku therefore denies the allegations regarding the same. Roku denies the remaining allegations in paragraph 68 of the SAC.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

## PRAYER FOR RELIEF

Roku denies Uniloc is entitled to any of the relief requested in the second amended complaint.

## DEMAND FOR JURY TRIAL

No Response to Uniloc's jury demand is required. Roku requests a jury trial on all issues so triable.

## DEFENSES

74. Roku incorporates the above admissions and denials in paragraphs 1-73.

## FIRST DEFENSE (Failure to State a Claim)

75. Uniloc's SAC fails to state a claim upon which relief can be granted.

## SECOND DEFENSE (No Infringement)

76. Roku does not infringe and has not infringed any valid and enforceable

claim of either Asserted Patent, either literally or under the doctrine of equivalents.

### THIRD DEFENSE (Invalidity)

77. Each asserted claim of the Asserted Patents is invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112. Indeed, the Court has already found invalid claims 1 and 41 of the '005 patent.

### FOURTH DEFENSE (Prosecution History Estoppel)

78. By reason of statements, representations, admissions, concessions, arguments, and/or amendments made by and/or on behalf of the applicants to and by the U.S. Patent & Trademark Office ("PTO") during the prosecution of the patent applications that led to the issuance of the Asserted Patents. Uniloc's claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel and/or disclaimer, because none of the claims can be properly construed as covering any Roku product or service.

### FIFTH DEFENSE (Limitation on Damages)

79. Upon information and belief, neither Uniloc, any of its predecessors, nor any licensee marks or ever marked any products with the Asserted Patents.

80. Prior to filing suit, Uniloc never provided Roku with any notice of Roku's alleged infringement of the Asserted Patents.

81. Pursuant to 35 U.S.C. § 287, Uniloc's damages, if any, are limited to the filing of the Complaint through patent expiration.

82. Uniloc's claim for damages is limited by the provisions of 35 U.S.C. § 286.

### SIXTH DEFENSE (FRAND)

83. Uniloc's claim for damages is limited by obligations to license one or more of the Asserted Patents on terms that are fair, reasonable, and non-discriminatory.

**SEVENTH DEFENSE (No Costs)**

84. Uniloc is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

**EIGHTH DEFENSE (Equitable Defenses)**

85. One or more of Uniloc's claims are barred by one or more of the equitable doctrines of unclean hands, acquiescence, estoppel, and/or waiver.

**RESERVATION OF RIGHTS**

Roku reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, which may now exist or in the future be available based on discovery. Roku reserves its rights to amend should it learn of additional defenses.

**COUNTERCLAIMS**

A. Roku counterclaims against Uniloc as follows:

**PARTIES**

B. Roku is a Delaware corporation with its headquarters and principal place of business located at 150 Winchester Circle, Los Gatos, CA 95032.

C. Upon information and belief, Uniloc is a Delaware corporation having places of business at 1209 Orange Street, Wilmington, Delaware 19801 and 620 Newport Center Drive, Newport Beach, CA 92660.

**JURISDICTION AND VENUE**

D. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

E. This Court has personal jurisdiction over Uniloc by virtue of Uniloc's filing and pursuit of the Complaint in this District.

F. This counterclaim arises under the patent laws of the United States. Venue is proper in this District because Uniloc has voluntarily appeared and

consented to this venue by filing its claims for patent infringement here.

## FIRST COUNTERCLAIM

**(Count for Declaratory Judgment of Non-Infringement of the '609 Patent)**

G. Roku incorporates by reference the allegations in paragraphs A through F of its Counterclaims set forth above.

H. Uniloc has alleged in this action that Roku has been and currently is infringing the '609 patent.

I. Roku has not and is not infringing the '609 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

J. There accordingly is an actual, immediate, and justiciable controversy between the parties with respect to the alleged infringement of the '609 patent.

K. A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## SECOND COUNTERCLAIM

**(Count for Declaratory Judgment of Invalidity of the '609 Patent)**

L. Roku incorporates by reference the allegations in paragraphs A through K of its Counterclaims set forth above.

M. Uniloc has alleged in this action that Roku has been and currently is infringing the '609 patent.

N. However, some or all of the claims of the '609 patent are invalid under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112. For example, the '609 patent claims recite patent-ineligible subject matter in violation of § 101 because they are directed to an abstract idea and because they lack an inventive concept sufficient to transform the claim into a patent-eligible invention.

O. There accordingly is an actual, immediate, and justiciable controversy

between the parties.

P.  A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

### THIRD COUNTERCLAIM

**(Count for Declaratory Judgment of Invalidity of the '005 Patent)**

Q.  Roku incorporates by reference the allegations in paragraphs A through P of its Counterclaims set forth above.

R.  Uniloc has alleged in this action that Roku has been and currently is infringing the '005 patent.

S.  However, some or all of the claims of the '005 patent are invalid under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.  For example, the '005 patent claims recite patent-ineligible subject matter in violation of § 101 because they are directed to an abstract idea and because they lack an inventive concept sufficient to transform the claim into a patent-eligible invention.  (*See* Dkt. 15 at 17-25; Dkt. 33 at 4-9.)

T.  There accordingly is an actual, immediate, and justiciable controversy between the parties.

U.  A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

### FOURTH COUNTERCLAIM

**(Count for Declaratory Judgment of Non-Infringement of the '005 Patent)**

V.  Roku incorporates by reference the allegations in paragraphs A through U of its Counterclaims set forth above.

W.  In the SAC, Uniloc has alleged in this action that Roku has been and

currently is infringing the '005 patent.

X. Roku has not and is not infringing the '005 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

Y. Uniloc conceded the lack of infringement by failing to serve any infringement contentions on the '005 patent, thus waiving its infringement claims.

Z. There accordingly is an actual, immediate, and justiciable controversy between the parties with respect to the alleged infringement of the '005 patent.

AA. A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## **PRAYER FOR RELIEF**

WHEREFORE, Roku prays for the following relief and judgment:

1. That Uniloc take nothing by way of its Second Amended Complaint and the same be dismissed with prejudice;

2. That the Court enters a judgment declaring that Roku has not infringed and does not infringe the '609 patent;

3. That the Court enters a judgment declaring that the claims of the '609 patent that Uniloc accuses Roku of infringing are invalid;

4. That the Court enters a judgment declaring that the claims of the '005 patent are invalid;

5. That the Court enters a judgment declaring that Roku has not infringed and does not infringe the '005 patent;

6. That all damages, costs, expenses, attorneys' fees, prejudgment and/or post-judgment interest, and other relief sought by Uniloc be denied;

7. That this case be declared exceptional pursuant to 35 U.S.C. § 285 and attorneys' fees and costs incurred in this action be awarded to Roku; and

8. That the Court award Roku all other relief the Court deems just and

proper.

## JURY DEMAND

Roku requests a trial by jury on all claims and defenses properly decided by a jury.

DATED: November 4, 2019

**PERKINS COIE LLP**

By: */s/ Matthew C. Bernstein*
Matthew C. Bernstein

Attorney for Defendant
ROKU, INC.

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 4, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Any other counsel of record will be served by electronic mail.

By: */s/ Matthew C. Bernstein*
Matthew C. Bernstein